## E. M. DITMAN v. STATE.

No. A-5766. Opinion Filed Jan. 15, 1927.
(252 Pac. 449.)

Lunsford & Windham, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Le Flore county on a charge of robbery, and sentenced to serve a term of ten years in the state penitentiary.

We gather from the record that defendant was an alleged lawyer operating at Ft. Smith, Ark. Mrs. Grace Hill had formerly resided in Le Flore county, but at the

time of the offense charged also resided at Ft. Smith. She had a claim for damages arising out of a bastardy proceeding or white slavery episode against a citizen of Le Flore county, and employed defendant as her attorney. He negotiated with this person, or with his attorney, and procured an agreement to settle such claim and obtain a release for a consideration of $500. It was agreed between defendant and Grace Hill that defendant was to receive $100 out of the money so paid for his services, and that John Gunter, a codefendant, was to be repaid $10, which he had loaned Grace Hill. It appears that the person against whom Grace Hill made her claim, or his attorney, probably not wanting to run afoul of the Arkansas law or perhaps for some sentimental reason, would not make settlement other than in the state of Oklahoma. Defendant, his codefendant Gunter, Grace Hill, her daughter, about 17 years old, and her father, and two or three other persons, including the attorney for the person against whom Grace Hill made claim, in two cars, about dark on the day charged, drove from Ft. Smith across the Arkansas River bridge into Le Flore county, Okla., to a small building, and there a release was signed by Grace Hill, the attorney for the "pay-off" man then counted out $500 in bills of $50 and $100 denominations, and tendered it to Grace Hill and her attorney. Both of them reached for the money, but the feminine touch prevailed, and she got possession of it. Defendant thereupon loudly demanded payment of his $100. The woman gave in answer the well-worn stall, "I'll see you later," and left the room closely pursued by defendant and Gunter. Outside defendant seized the Hill woman and a considerable scuffle ensued. The Hill woman claimed that in this scuffle defendant forcibly took the money from her while Gunter stood by, preventing any interference. Defendant denies that he got the money, even the $100 due him, though he made a valiant effort. The circumstances

seem to bear him out, for after the scuffle the Hill woman returned into the house and another woman present searched her, assisted by defendant, to see if by chance the money was still on her person. After some wrangling, all the parties returned to Ft. Smith, defendant taking prosecuting witness to her home in his car. Later in the night, defendant borrowed a flash light at the county jail and with the Hill woman and her sister and another, returned to Le Flore county and they made a further search for the money where the scuffle took place. Not long after that, the Hill woman, in making some payment, on two different occasions had a $50 bill changed. At the time of the offense charged, she was wholly without means and very much involved in debt, and with no appreciable income. There were considerable details and other circumstances in evidence not necessary to recite. There was also evidence of good character of defendant and evidence of several witnesses of the bad reputation for truth and veracity of prosecuting witness, Grace Hill. This, briefly, is the material evidence in the case.

Various assignments of error are argued and authorities cited, none of which we think it necessary to consider. The evidence, under any view of it, is obviously insufficient to sustain this verdict. Defendant may have been guilty of an assault and battery, but he is not guilty of robbery.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.